581 P.2d 19

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Alonzo L. DURAN, Defendant-Appellant.**

**No. 11819.**

Supreme Court of New Mexico.

July 7, 1978.

John Bigelow, Chief Public Defender, Martha A. Daly, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Don Montoya, Suzanne Tanner, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Defendant was convicted of burglary and larceny over $100 but not more than $2,500. Defendant raised two points on appeal in the Court of Appeals: (1) that the trial court erred in denying defendant's pretrial motion to dismiss the indictment on the ground of prejudicial pre-indictment delay; and (2) that the trial court erred in admitting identification testimony through a third person. In the Court of Appeals a panel of three judges was unable to agree on the proper disposition of the appeal, and, it appearing to the judges that the three separate proposed opinions, if filed, would create uncertainty in the law and provide no guidance for the further conduct of this and similar cases, the case was certified to this Court pursuant to § 16–7–14, N.M.S.A. 1953 (Repl. 1970 and Supp.1975). We affirm the trial court.

Defendant was arrested on February 23, 1976. The police completed their investigation on March 17, 1976. Defendant was indicted on January 19, 1977, nearly one year after his initial arrest. The only explanation given as to the delay between the alleged criminal conduct and the date of the indictment was that the district attorney's office was understaffed and overworked. Defendant contends that he was prejudiced by the delay because he could not recall his activities on February 23 or the events of that day and because the one person through whom he could have reconstructed his activities on that day had died approximately two and one-half months before the pretrial hearing on his motion to dismiss the indictment.

At the hearing on the motion to dismiss defendant testified that he could not recall what happened on February 23. He did recall, however, that he had been arrested on that date and that he had been with Juan Herrera, a longtime friend, that day. Mr. Herrera, as noted above, died before the indictment was returned against defendant.

■ Both defendant and the State recognize that the case of *State v. Jojola*, 89 N.M. 489, 553 P.2d 1296 (Ct.App.1976) is controlling on the issue of whether defendant has been denied his right to due process under the fourteenth amendment of the United States Constitution and N.M.Const. art. 2, § 14 by reason of pre-indictment delay. In deciding this issue, the Court of Appeals in *Jojola* interpreted *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), as follows:

1. A showing of substantial prejudice is required before one can obtain a dismissal for pre-indictment delay. 2. The elapsed time, in itself, does not determine whether prejudice has resulted from the delay. 3. Substantial prejudice may not exist even when actual prejudice is shown; every delay-caused detriment does not amount to substantial prejudice. 4. Where actual prejudice is shown, the actual prejudice must be balanced against the reasons for the delay in determining whether a defendant has been substantially prejudiced.

89 N.M. at 490, 553 P.2d at 1297. The reasoning and standard set forth in *State v. Jojola* apply in this case.

■ We interpret "substantial prejudice" to mean actual prejudice to the defendant

together with unreasonable delay of the prosecution. *Jojola* requires the defendant to make a showing of actual prejudice before the court will look to the conduct of the prosecution and balance that conduct against the actual prejudice to the defendant to determine if there has been "substantial prejudice." We do not think the defendant in this case has made the requisite showing of actual prejudice. Defendant has failed to establish in what respect his defense might have been more successful if the delay had been shorter.

The record shows that defendant and an accomplice were arrested at a place near the burglary scene shortly after its occurrence and were jailed. Juan Herrera was not mentioned as being present at the time of the arrest. There is no evidence in the record that Juan Herrera was with the defendant at the time of arrest or any time that day, apart from the testimony of defendant, who was the only witness on his own behalf. It does not appear of record that Juan Herrera was the only available witness who knew of defendant's whereabouts at the time of the burglary, nor did defendant testify that he was unable to locate any such witness. Defendant did not claim an alibi defense. In short, defendant did not establish how Juan Herrera would have aided his defense even if he had been available and willing to testify. Defendant gave no account of what this person might have said. The fact that Herrera died is not enough, and the mere possibility that he might have been able to help the defendant in his case does not establish actual prejudice.

Defendant contends further that the State failed to show any reason for the delay. However, we are not concerned with the reason for the delay because the defendant has not shown he was actually prejudiced by it. *State v. Jojola, supra.*

The following facts are pertinent to defendant's second point of error (identification testimony through a third person). On the day of the burglary, as witnesses Mr. and Mrs. Romero were arriving at their residence, they noticed two men who appeared nervous. They followed the men in their car and came upon a policeman who was in the neighborhood. They asked if anything was wrong and were told that a burglary had taken place. Mr. Romero then mentioned seeing the two men and told the policeman in what direction they had gone. Afterward, on March 8, 1976, Mr. and Mrs. Romero were each shown a set of photographs by Detective Baird and asked if any of the photographs were of the men they had seen on February 23, 1976. Mr. Romero selected a photograph as being one of the individuals he saw on that date; Mrs. Romero selected another. The Romeros were witnesses at the trial, and, while both testified as to the above facts, neither was asked to make an in-court identification. Defendant's counsel did not cross-examine either of the Romeros. The detective who had shown the photographs to the Romeros testified about seeing the Romeros select the photographs. He then indicated which photographs the Romeros had selected at the police station, and made an in-court identification of the defendant and his co-defendant as the persons whose photographs were selected.

The defendant argues on appeal that his right to confront the witnesses against him was violated by this procedure. We disagree. In this case Mr. and Mrs. Romero had each taken the stand before Detective Baird and testified that they had been presented with a photographic array and from it had selected photographs of men they believed to be the men they had seen shortly after the burglary. Both witnesses were present at the trial and were available for a full range of cross-examination as to the circumstances surrounding this identification process. Defendant chose not to cross-examine the Romeros or to recall them to the stand following the testimony of Detective Baird. Under these facts we cannot find that defendant was denied his right to confront the witness against him. The trial court did not err in permitting the testimony of Detective Baird into evidence.

The defendant in his supplemental brief in chief argues a third point: that the trial judge erred in refusing to disqualify himself after an affidavit of disqualifica-

tion had been filed by defendant. The record discloses that no provisional disqualification affidavit had been filed; that although this point had been listed in the docketing statement the defendant failed to argue or brief this point in his brief in chief although it was argued in his supplemental brief in chief; and further, that no record was made by defendant as to what day the trial judge was assigned the case nor even whether the particular trial judge had actually been assigned to the case. Under these circumstances, defendant abandoned this point on appeal, *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976), and there is no record upon which the review in this Court can be predicated. *State v. Lujan*, 79 N.M. 200, 441 P.2d 497 (1968); *State v. Romero*, 87 N.M. 279, 532 P.2d 208 (Ct. App.1975). The burden is on appellant to provide the necessary record in this Court. *State v. Edwards*, 54 N.M. 189, 217 P.2d 854 (1950); *State v. Herrera*, 84 N.M. 46, 499 P.2d 364 (Ct.App.1972), *cert. denied*, 84 N.M. 37, 499 P.2d 355 (1972), *cert. denied*, 409 U.S. 1110, 93 S.Ct. 918, 34 L.Ed.2d 692 (1973).

The trial court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and PAYNE, J., concur.