740 P.2d 707
**In the Matter of the ESTATE OF Feloquio LOPEZ, Deceased;**

**Erlinda TRUJILLO,**
**Petitioner-Appellant,**

**v.**

**Josefita M. LOPEZ,**
**Respondent-Appellee.**

**No. 8505.**

Court of Appeals of New Mexico.

June 30, 1987.

**158**

Robert Suzenski, Robert Suzenski, P.C., Scottsdale, for petitioner-appellant.

Leland Ares, Herrera, Baird & Ares, P.A., Santa Fe, for respondent-appellee.

## OPINION

MINZNER, Judge.

This case has been submitted for decision by the court following its submission to an advisory committee pursuant to an experimental plan. *See Patterson v. Environmental Improvement Div.*, 105 N.M. 320, 731 P.2d 1364 (Ct.App.1986); *Boucher v. Foxworth-Galbraith Lumber Co.*, 105 N.M. 442, 733 P.2d 1325 (Ct.App.1986); *Stoll v. Dow*, 105 N.M. 316, 731 P.2d 1360 (Ct.App.1986). The committee rendered a unanimous decision, affirming in part, reversing in part, and remanding for further proceedings. Both parties filed response memoranda. This court has considered the transcript and briefs, together with the opinion of the advisory committee and the response memoranda. It is the decision of this court that the result proposed by the advisory committee, as modified in this opinion, should be adopted. Our reasons are as follows.

## BACKGROUND.

Erlinda Trujillo (Trujillo) appeals an order distributing the estate of her father, Feloquio Lopez, who died intestate November 14, 1981. Feloquio Lopez was survived by Trujillo and by his second wife, Josefita Lopez (Lopez). He left a small amount of cash, which was used to pay funeral and estate expenses, and a house in Cordova, New Mexico, initially his separate property, which he and Lopez had occupied. The house was valued at $15,000 when Lopez and decedent married in 1973 and at $37,000 at the time of decedent's death. Lopez continues to live in the house.

Lopez was informally appointed personal representative. After considering community contributions to the value of the home, the trial court found that Trujillo's interest in the house equalled $21,800 and Lopez's interest was $15,200. These amounts represent interests of 58.92% and 41.08%, respectively, and are not disputed.

Trujillo filed a motion asking the court to order Lopez to sell her interest to Trujillo for cash. Lopez responded with a counter-motion requesting that the court approve her proposed distribution and permit her to buy Trujillo's interest. After a hearing, the trial court denied Trujillo's motion and approved the proposed distribution and settlement. The trial judge indicated he did not believe he had the power to order a sale.

Lopez's motion discloses a gross estate value of $41,687.50. After deductions for funeral and estate expenses, the net estate was $36,126.40, which was a sum slightly less than the value of the house. After deductions for Lopez's family allowance and personal property allowance, $22,626.40 remained. Since this sum consisted entirely of real estate, it was divided according to the proportions the trial court had previously determined represented the respective interests in the house: 58.92%, or $13,331.47 to Trujillo, and 41.08%, or $9,294.93 to Lopez. The schedule of distribution indicated that Trujillo had received "assets from the net estate" of $13,331.47.

Lopez then tendered a check to Trujillo for $13,331.47 as "[f]ull payment of Erlinda Trujillo's interest in the estate of Feloquio Lopez * * * *" Trujillo refused the check, which was subsequently deposited with the First Judicial District.

On appeal, Trujillo argues (1) that she is entitled to distribution in kind of her interest in the estate, i.e., the real property; (2) that she is entitled to rent for the time that Lopez has had exclusive possession of the

property; (3) that she was denied an evidentiary hearing on her objection to the proposed distribution and her motion for sale; and (4) that the district court was without jurisdiction to enter a final order in this case. Trujillo also appears to argue that the trial court erred in awarding family and personal property allowances. We summarily dispose of the last two issues and then discuss issues one and two. Because of the close relationship between the third issue and the first two issues, we defer discussion of that issue until the conclusion.

## ISSUES DISPOSED OF SUMMARILY.

■ Trujillo contends that the district court lacked jurisdiction to enter a final order because after Lopez was informally appointed personal representative, Trujillo petitioned for formal appointment as personal representative. Trujillo argues on appeal that Lopez could not act unless she was reappointed formally. *See* NMSA 1978, § 45-3-414(A). This argument is without merit.

Once a petition for formal appointment is filed, the power of the informally-appointed representative is limited under Section 45-3-414(A). The statute expressly provides that if a formal proceeding is commenced after an informal appointment, "the previously-appointed personal representative, after receipt of notice thereof, shall refrain from exercising any power of administration except as necessary to preserve the estate or unless the district court orders otherwise." However, once the trial court determines who is entitled to appointment, it shall make a proper appointment and, if appropriate, terminate any prior appointment found to have been improper. *See* § 45-3-414(B).

The trial court correctly retained Lopez as personal representative because she had priority as surviving spouse of the decedent. *See* NMSA 1978, § 45-3-203(A)(4). Since Lopez had already been properly appointed and her appointment had not been terminated, it was not necessary to reappoint her. Once the district court denied Trujillo's petition and ruled that Lopez should continue as personal representative,

the limitation in Section 45-3-414(A) no longer applied.

Trujillo also argues that the court lacked jurisdiction to enter a closing order absent an order entered on a formal petition for appointment. This is incorrect. The status of personal representative and the powers and duties pertaining to the appointment are fully established by informal appointment, *see* NMSA 1978, Section 45-3-307(B) (Cum.Supp.1986), and a personal representative may petition for an order of complete settlement of an estate at any time, NMSA 1978, Section 45-3-1001(A).

Finally, Trujillo argues that the family allowance and the personal property allowance as provided by NMSA 1978, Sections 45-2-401 and -402 (Orig.Pamp. and Cum. Supp.1986) should not be used to permit Lopez to diminish Trujillo's interest in the real property. We find this argument to be without merit. The family allowance and the personal property allowances have priority over all claims. *See* §§ 45-2-401(A); 45-2-402(B). NMSA 1978, Section 45-2-404 contemplates that the family allowance can be taken as an interest in real property, if the estate is not otherwise sufficient to satisfy these claims.

## WHETHER TRUJILLO WAS ENTITLED TO DISTRIBUTION IN KIND.

■ Trujillo contends that NMSA 1978, Section 45-3-906 compels distribution of estate assets in kind. Consequently, she argues on appeal that she was entitled to an interest in the real estate rather than the cash distribution tendered. Lopez contends that the trial court allotted the real property to her and that this is permitted under NMSA 1978, Section 45-3-911(C). Both parties overlook the fact that the real property was the only asset in the estate left to be distributed. Because there was no cash in the estate to give Trujillo in lieu of her interest in the real property, no issue as to distribution in cash rather than in kind arises. Similarly, the property could not be allotted to Lopez because there would be nothing left to allot to Trujillo. The trial court in effect required Trujillo to sell her share to Lopez. By approving the "distribution" of the estate,

the trial court also ordered the sale Lopez requested. This was error.

Upon decedent's death, title to the real property devolved to Lopez and Trujillo. NMSA 1978, § 45–3–101(B)(3). If an heir or devisee requests partition of the property, the district court must partition if it can be done without prejudice to the interested heirs or devisees. § 45–3–911(A), (B). If the property cannot be partitioned and cannot conveniently be allotted to any one party, the only alternative is to order the personal representative to sell the property. *See* § 45–3–911(C). There is no statutory authority for the court to force one heir to sell her undivided interest to the other.

On these facts, where the property consists of a single-family home, it is unlikely the property could be partitioned without prejudice to one of the heirs. Nor can it be allotted to one heir, where there are no other assets in the estate. *See In re Estate of Kunzler*, 108 Idaho 374, 699 P.2d 1388 (1985) (property cannot be allotted to any one heir where it is the principal asset of an estate which must be divided among twelve heirs). Therefore, unless the parties are able to reach a settlement, *see* NMSA 1978, Section 45–3–912, the trial court will have two options: Trujillo and Lopez may retain undivided interests in the property as tenants-in-common, or the property may be sold and the proceeds divided.

On remand, the trial court should first determine whether the parties can now agree to one buying out the interest of the other. If not, the court should consider Trujillo's request for partition and, based on appropriate findings and conclusions, determine whether the property may be partitioned without prejudice to either heir. If partition is not possible, and the heirs cannot agree to remain as tenants-in-common, the court should order the property sold pursuant to Section 45–3–911(C). We do not believe it is the intent of that section that the personal representative may sell the property to herself over the objection of the other heirs, thus unilaterally divesting them of their interest in the property, where, as here, each heir was willing and able to buy out the other. *Cf. In re Estate of Kunzler* (heirs did not have a right of first refusal to purchase the property where none of them had presented the court with a bona fide offer).

■ There are indications in the record that Trujillo filed a separate petition for partition of the property while the probate proceedings were pending. This action should have been consolidated with the probate case. We conclude that the legislature intended that any request for partition under Section 45–3–911 be disposed of as part of the probate proceedings, rather than as a separate action under the partition procedure provided by NMSA 1978, Sections 42–5–1 to –9. *Cf. Kentopp v. Kentopp*, 206 Neb. 776, 295 N.W.2d 275 (1980) (upon filing of a decedent's estate proceeding, court acquires jurisdiction of all matters relating to decedent's estate, including jurisdiction to partition and sell decedent's real estate). Our conclusion rests in part on a comparison of the language chosen by our legislature when it adopted Section 45–3–911. *Compare* Uniform Probate Code, § 3–911, 8 U.L.A. 388 (1983) (the court shall partition the property in the same manner as provided by the law for civil actions of partition) *with* § 45–3–911(B) (the district court shall partition the property). Our conclusion also rests on the purposes behind the uniform act. *See* NMSA 1978, § 45–1–102(B) (one of the purposes of the Probate Code is to promote a speedy and efficient system for the settlement of estates); Uniform Probate Code, § 3–911 comment (if court determination is necessary, the court with jurisdiction to administer the estate has jurisdiction to partition the property).

We therefore hold that where an heir with an undivided property interest requests partition, it should be determined by the court conducting the probate proceedings, rather than in a separate action. This result tends to facilitate a more efficient distribution of the estate and should minimize costs to the estate. We note, however, that this case illustrates the value of a will, even in a small estate, when there is

more than one beneficiary and an asset that is not easily divided.

## WHETHER TRUJILLO IS ENTITLED TO RENT.

 Lopez argues that, as personal representative, she had the right to possess the property. Trujillo argues that Lopez has repeatedly denied her access to the property and this constitutes ouster.

The trial court denied Trujillo's petition for rent without making any findings on the issue. This was done at a hearing at which Trujillo and her counsel did not appear. In view of the fact that there appears to have been some confusion as to whether or not Trujillo believed the hearing had been vacated, and the fact that this case must be remanded for further proceedings in connection with the request for partition, the court should take evidence and enter findings and conclusions on the issue of rent.

Mere occupation does not render a tenant liable to his co-tenant for use and occupation of the property, as each has the right to occupy the premises, but neither tenant can lawfully exclude the other. *See Hertz v. Hertz,* 99 N.M. 320, 657 P.2d 1169 (1983). Denial of access to a co-tenant may be ouster. *See Newman v. Chase,* 70 N.J. 254, 359 A.2d 474 (1976) (where one co-tenant remains in possession of a one-family house which is not susceptible of joint occupancy, and refuses to accede to demands for access to the property, such conduct clearly constitutes ouster). A personal representative has a right to possession for purposes of administering the estate, not for personal use. *See* NMSA 1978, § 45–3–709. On remand, the court should determine whether ouster has occurred and, if so, what rents may be due Trujillo.

## CONCLUSION.

Because of our disposition of the first two issues and the remand for further proceedings, we find it unnecessary to consider the issue of whether Trujillo received a proper hearing on her objection to the proposed distribution and her motion for sale. The order of the trial court is reversed and the case is remanded for further proceed-

ings consistent with this opinion. No costs are awarded.

IT IS SO ORDERED.

This court acknowledges the aid of attorneys Roger V. Eaton, Marc Prelo, and Harold Worland. These attorneys constituted an advisory panel selected by the chief judge of this court, and this court expresses its gratitude to these attorneys for volunteering for this experimental plan and for the quality of work submitted.

BIVINS and APODACA, JJ., concur.