THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL H. MOATS, Defendant-Appellant.

Third District   No. 3—87—0199

Opinion filed January 26, 1988.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Raymond Kimbell II, State's Attorney, of Galesburg (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The trial court denied as untimely the defendant's motion to dismiss for failure to proceed to trial within 120 days. A jury subsequently convicted the defendant, Daniel H. Moats, of criminal damage to property and reckless conduct. (Ill. Rev. Stat. 1985, ch. 38, pars. 21—1(a), 12—5(a).) The defendant appeals only the court's denial of his motion to dismiss. Accordingly, we will relate only those facts necessary for a determination of that issue.

On May 22, 1986, the defendant was arraigned and pleaded not guilty to charges of criminal damage to property and reckless conduct. The defendant posted bond on June 9, 1986. After the defendant failed to appear at a pretrial conference, the trial court issued a warrant for his arrest. Following the defendant's arrest, trial was set for February 2, 1987.

On February 2, 1987, prior to commencement of his trial, the defendant filed a motion to dismiss alleging that he had been incarcerated on the pending charges for over 120 days without any delay on his part. Specifically, the defendant claimed that on August 24, 1986, he was arrested in Cook County on the Knox County warrant. He claimed that he was then held in the Cook County jail until December 12, 1986, when he was transferred to the Knox County jail.

The State objected to the motion as untimely, pointing out that the court's January 26, 1987, order setting the case for jury trial had specifically stated that all motions were to be set, noticed and re-

solved prior to trial and in accordance with the local circuit court rules. Rule G—1(E)(4) of the General Rules of the Ninth Judicial Circuit provided that notice of the hearing of motions was to be mailed or personally delivered eight days prior to the hearing.

The defendant's attorney responded that he had not become aware of the grounds for the motion until the defendant mailed him a letter on January 25 or 26, 1987, containing the facts of his incarceration. The trial court, noting that the defendant would have been aware of his incarceration prior to January 25, denied the motion as being untimely filed.

On appeal, the defendant argues that the trial court erred in denying his motion to dismiss as untimely.

Section 103—5(a) of the Code of Criminal Procedure of 1963 (the Code) provides as follows:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal." Ill. Rev. Stat. 1985, ch. 38, par. 103—5(a).

In relevant part, section 114—1(a) of the Code provides as follows:

> "Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:
>
> > (1) The defendant has not been placed on trial in compliance with Section 103—5 of this Code ***." Ill. Rev. Stat. 1985, ch. 38, par. 114—1(a)(1).

See also *People v. Pearson* (1981), 88 Ill. 2d 210, 430 N.E.2d 990.

Under section 114—1(a), the general rule is that a defendant may file a motion to dismiss on speedy trial grounds at any time prior to trial. The general rule, however, is limited by section 114—1(b) of the Code, which provides:

> "The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds

therefor *** are waived." Ill. Rev. Stat. 1985, ch. 38, par. 114—1(b).

In the instant case, the local circuit court rules state that notice of the hearing of motions shall be delivered personally or mailed eight days prior to the hearing. (General Rules, Ninth Judicial Circuit Court R. G—1(E)(4).) In essence, as the local rule applies to this case, the Ninth Circuit has determined that the reasonable filing period for motions to dismiss is from arraignment until eight days prior to trial.

■ ■ We note that circuit courts have the power to enact and enforce rules regulating their calendars and dockets, as long as the rules do not conflict with supreme court rules or statutory law. (*Martin Brothers Implement Co. v. Diepholz* (1982), 109 Ill. App. 3d 283, 440 N.E.2d 320.) We find no *per se* conflict between the Ninth Circuit rule and section 114—1. However, section 114—1(b)'s reasonableness requirement necessitates a further case-by-case analysis at the time a motion is filed to determine whether imposition of the local rule is reasonable.

■ In the case at bar, the defendant's attorney stated that he first learned of the possibility that the State had violated section 103—5(a) from the defendant's letter of January 25 or 26, 1987. Allowing for mailing time and consultation with the defendant, we find that defense counsel filed the motion within a reasonable time after receiving the letter. We consider, therefore, whether it was reasonable that the defendant and his attorney remained ignorant of the grounds for the motion until January 25 or 26.

It appears from the assistant State's Attorney's and the defense attorney's comments in the record that the defendant was arrested on August 24, 1986, on a Cook County charge and was later informed that he was also being held on the Knox County charge. It also appears that during his incarceration the defendant spent time in a hospital, which might have tolled the running of the 120 days. Given the uncertainty as to when the 120-day period started running and whether it was tolled at any time, the trial court could not have properly determined when the defendant should reasonably have known of a possible violation of his speedy trial right and have filed his motion. We therefore find that the court abused its discretion in denying the defendant's motion as untimely.

The defendant has raised no questions regarding the validity of his convictions and sentence. We therefore affirm his convictions and sentence, contingent upon the trial court's determination that he was not deprived of his statutory right to a speedy trial.

The judgment of the circuit court of Knox County regarding the

defendant's convictions and sentence is contingently affirmed. The cause is remanded for a hearing on the defendant's speedy trial motion.

Affirmed and remanded.

HEIPLE and WOMBACHER, JJ., concur.