754 P.2d 853

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Dennis R. LEWIS, Defendant–Appellant.**

**No. 9988.**

Court of Appeals of New Mexico.

Feb. 18, 1988.

Certiorari Denied May 11, 1988.

Hal Stratton, Atty. Gen., Bill Primm, Ass't Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Sheila Lewis, Ass't Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals his conviction, under a plea and disposition agreement, of two counts of distribution of a controlled substance, (amphetamines), in violation of NMSA 1978, Section 30–31–22(A)(2) (Repl. Pamp.1980).[1] Three issues are raised on appeal: (1) whether defendant's right to due process was denied due to preindictment delay; (2) whether the state engaged in governmental misconduct denying defendant his right to effective assistance of counsel and the right to present a defense; and (3) whether defense counsel's waiver of defendant's presence at a hearing on a motion to dismiss deprived defendant of a fundamental right. We affirm defendant's convictions.

### FACTS

Defendant was arrested on November 18, 1986, and charged with the distribution of amphetamines on March 20 and April 11, 1986. At a preliminary hearing held January 6, 1987, New Mexico State Police Officers Bea Walsmith and Jerry Noedel testified on behalf of the state. Walsmith testified that on March 20, 1986, while working in Carlsbad as an undercover narcotics agent, she was introduced to defendant by Joe Lockett, a confidential informant. This introduction took place at a lounge and resulted in Walsmith purchasing amphetamines from defendant at a private residence that day.

Noedel also testified that he was working as an undercover narcotics agent on the evening of April 11, 1986, when Lockett introduced him to defendant. The meeting resulted in Noedel giving defendant $100 in exchange for what he believed was cocaine. The substance, however, was later determined to be amphetamines. Following defendant's arrest and preliminary hearing, defendant was bound over for trial in district court. A criminal information was filed January 14, 1987.

Thereafter, defendant filed two motions to dismiss alleging preindictment delay. In defendant's first motion to dismiss, he included an affidavit asserting that due to the delay, he was unable to remember where he was or who he was with on the days of the alleged transactions. Defendant also argued that the charges should be dismissed due to the arresting officers' lack of memory, failure to determine the identities of certain potential witnesses, and the state's inability to locate certain witnesses.

At the hearing on defendant's first motion to dismiss, undersheriff Jack Childress testified about the undercover operation. He stated that the operation continued after the March 20, and April 11, 1986 transactions with defendant, and that in ensuing months additional purchases were made from other suspected drug dealers. Childress also testified that these drug purchases would have been compromised by an immediate arrest of defendant or by public knowledge of the undercover operation.

The trial court denied both motions to dismiss. Thereafter, defendant pled guilty to the charges, specifically reserving the right to appeal the constitutional issue regarding his claim of denial of a speedy trial.

### I. PREINDICTMENT DELAY

Defendant claims that the trial court's refusal to dismiss the indictment due to preindictment delay resulted in a denial of due process. Specifically, he argues that he has a fundamental right to a speedy

---

1. Subsequent to the time defendant was charged with violating Section 30–31–22, this statute was amended effective March 19, 1987. *See* Laws 1987, ch. 68, § 4. Defendant was prosecuted and convicted under the statute as it existed prior to the 1987 amendment.

trial and that he has satisfied the burden imposed on him by *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), showing both that this delay was prejudicial and that it was intentionally imposed by the state to gain tactical advantage over him.

█ The state, on the other hand, contends that defendant's voluntary entry into the plea and disposition agreement waived any issue on appeal concerning preindictment delay. We disagree. Defendant clearly conditioned his plea on the right to appeal the constitutional issue of speedy trial. The case law upon which the state relies does not relate to the situation where defendant expressly reserved his right to appeal a particular issue. *See United States v. Brice*, 565 F.2d 336 (5th Cir.1977); *State v. Ball*, 104 N.M. 176, 718 P.2d 686 (1986). Moreover, this issue was asserted below and considered by the trial court.

The state also argues that defendant has not satisfied his burden of showing that he suffered actual prejudice from any delay in his arrest and prosecution because assertions of defense counsel do not constitute evidence. *See State v. Duran*, 91 N.M. 38, 570 P.2d 39 (Ct.App.1977), *cert. denied*, 435 U.S. 972, 98 S.Ct. 1615, 56 L.Ed.2d 65 (1978). Defendant, however, filed an affidavit in support of his motion to dismiss, hence, this issue was properly preserved. Alternatively, the state argues that even if defendant's assertions of delay are supported by evidence, there is no showing of prejudice. The state maintains that it is not enough to simply say memories have faded; defendant must show that his memory loss would not have existed or would have been less of a problem had the delay been shorter. *See State v. Grissom*, 106 N.M. 555, 746 P.2d 661 (Ct.App.1987). Additionally, the state contends there is no evidence that the delay in prosecution was prompted by a desire to obtain a tactical advantage. The state argues that avoidance of the untimely disclosure of undercover agents is an acceptable reason for delay.

█ In general, the sixth amendment speedy trial guarantee does not attach until a defendant is indicted, arrested or accused. *United States v. MacDonald*, 456 U.S. 1 (1982), *on remand*, 688 F.2d 224 (4th Cir.1982), *cert. denied*, 459 U.S. 1103, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983); *see generally* C. Torcia, *Wharton's Criminal Procedure* § 420 (1975). During the preindictment period, any undue delay must be tested under the Due Process Clause of the fourteenth amendment of the United States Constitution and N.M.Const. art. 2, § 14. *See generally United States v. Marion; State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978). The Due Process Clause requires dismissal of the charges if it is shown that the preindictment delay caused substantial prejudice to defendant's rights to a fair trial, and the delay was an intentional device to gain tactical advantage over the accused. *United States v. Marion; see United States v. Moore*, 515 F.Supp. 509 (S.D.Ohio 1981).

In *State v. Duran*, our supreme court recognized the analysis adopted in *State v. Jojola*, 89 N.M. 489, 553 P.2d 1296 (Ct.App. 1976), as applicable to claims of denial of due process based on alleged prosecutorial delay. *Jojola* found as follows:

1. A showing of substantial prejudice is required before one can obtain a dismissal for pre-indictment delay. 2. the elapsed time, in itself, does not determine whether prejudice has resulted from the delay. 3. Substantial prejudice may not exist even when actual prejudice is shown; every delay-caused detriment does not amount to substantial prejudice. 4. Where actual prejudice is shown, the actual prejudice must be balanced against the reasons for the delay in determining whether a defendant has been substantially prejudiced.

*Id.* at 490, 553 P.2d at 1297. In addition, defendant has the burden of demonstrating "actual" prejudice by specifically establishing how his defense would have been more successful had the delay been shorter. *State v. Grissom; see State v. Jojola.*

█ In reviewing defendant's contentions of denial of due process on appeal, we are required to conduct an independent review of the record and the law. *State v.*

*Grissom.* Defendant claims prejudice in the preindictment period stemming from his diminished recollection of the transactions, and the loss or unavailability of certain defense witnesses and evidence. Defendant, however, has not demonstrated how his defense would have been more successful had the delay been shorter, nor has he shown that other witnesses were unavailable or that evidence sought to be utilized by him could not have been obtained from other sources. *Cf. State v. Grissom.*

Defendant rests his claim of prejudice on the following missing evidence and witnesses: (1) defendant was unable to locate the specific address on Edwards Street where the first sale allegedly occurred; (2) the eyewitness who would corroborate defendant's claim that he did not hand a packet of drugs to Officer Walsmith could not be located; (3) all of defendant's alibi witnesses were lost; and (4) the people in the parking lot who observed the second incident, who would exonerate defendant, also were now unavailable to testify. It is not clear who defendant's alibi witnesses were. In referring to an eyewitness to the transaction with Officer Walsmith, defendant apparently intended to refer to a man who came out of the home with defendant. If defendant intended to refer to anyone else, it is not clear that anyone else actually observed that transaction.

At the preliminary hearing, Walsmith testified that she did not believe the man who came out of the house on Edwards Street with defendant observed the transaction. Noedel testified that he was not sure anyone observed the transaction in which he was involved. He also testified he did not believe Lockett observed the transaction. It had occurred outside the lounge. This testimony casts doubt on the extent to which the missing evidence, including witnesses to the transaction, would have made the defense more successful.

The proof must be definite and not speculative: " '[t]he assertion that a missing witness might have been useful does not show the 'actual prejudice' required by *Marion.*' " *United States v. Mays,* 549 F.2d 670, 677 (9th Cir.1977) (quoting *United States v. Galardi,* 476 F.2d 1072, 1075 (9th Cir.), *cert. denied,* 414 U.S. 839, 94 S.Ct. 90, 38 L.Ed.2d 75, 414 U.S. 856, 94 S.Ct. 160, 38 L.Ed.2d 106 (1973)); *see also United States v. Pallan,* 571 F.2d 497 (9th Cir.), *cert. denied,* 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978). We conclude that defendant's showing of prejudice was not sufficiently definite.

Defendant has failed to show the requisite prejudice necessary for dismissal due to preindictment delay. Moreover, a showing of reasonable delay in a defendant's prosecution, by reason of an ongoing narcotics undercover operation, is a permissible basis for preindictment delay. *See United States v. Emory,* 468 F.2d 1017 (8th Cir.1972); *Powell v. United States,* 352 F.2d 705 (D.C.Cir.1965); *State v. Polsky,* 82 N.M. 393, 482 P.2d 257 (Ct.App. 1971), *cert. denied,* 404 U.S. 1015, 92 S.Ct. 688, 30 L.Ed.2d 662 (1972); *State v. Baca,* 82 N.M. 144, 477 P.2d 320 (Ct.App.1970). Even where a defendant presents evidence of prejudice, such showing does not automatically entitle defendant to a dismissal of the charges against him. In reviewing a claim of prejudice, the trial court and this court on appeal, must balance defendant's showing of prejudice against the reasonableness of the conduct of the police and the state's interest in continuing its undercover operation in order to detect other narcotic law violations. *See State v. Baca; State v. Grissom; see also State v. Kilpatrick,* 104 N.M. 441, 722 P.2d 692 (Ct.App. 1986).

In this case, a delay of approximately eight months occurred following the first transaction and a little less than nine months following the second transaction. The undercover operation ended shortly before defendant was arrested. The failure to arrest defendant after the departure of Officers Walsmith and Noedel does not show the delay was unreasonable or intended to prejudice defendant. The evidence indicates that the undercover operation continued utilizing other officers. Under the record herein, we conclude that the prearrest delay was not unreasonable so as

to violate defendant's right of due process or his right to a speedy or fair trial. *See United States v. May; see also State v. Baca.*

## II. ASSISTANCE OF COUNSEL; RIGHT TO PRESENT DEFENSE; ABSENCE AT MOTION HEARING

Defendant further argues that the state engaged in governmental misconduct which denied him the right to effective assistance of counsel and the right to present a defense. Defendant also claims he was denied a fundamental right by his counsel's waiver of his right to be present at the second motion to dismiss hearing. Although a defendant may have a fundamental right to be present during certain proceedings where evidence is taken, *see State v. McDuffie,* 106 N.M. 120, 739 P.2d 989 (Ct.App.1987), such is not the case here. Moreover, defendant's voluntary entry into a plea and disposition agreement waived any nonjurisdictional claims of defects in the proceedings. *See State v. Ball; State v. Williams,* 78 N.M. 211, 430 P.2d 105 (1967); *State v. Tipton,* 78 N.M. 600, 435 P.2d 430 (1967).

## CONCLUSION

Because defendant has failed to show substantial prejudice by reason of preindictment delay, we find no due process violation. The remaining issues have been waived due to defendant's entry into the plea and disposition agreement.

Defendant's convictions are affirmed.

IT IS SO ORDERED.

MINZNER and GARCIA, JJ., concur.