779 P.2d 121

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Max J. URBAN, Defendant–Appellant.**

**No. 10719.**

Court of Appeals of New Mexico.

June 20, 1989.

Certiorari Denied Aug. 11, 1989.

Hal Stratton, Atty. Gen. Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Assistant Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant appeals his conviction for shoplifting, contending that the trial court erred in denying his motion to dismiss the indictment on sixth amendment speedy trial and fourteenth amendment due process grounds. He asks this court to remand for an evidentiary hearing. Alternatively, he contends he was denied effective assistance of counsel. The state contends on appeal that defendant's motion was untimely and incomplete under SCRA 1986, 5–601(D) and (E) and that the record is not sufficient to permit this court to resolve the claim of ineffective assistance. Defendant's appeal and the state's response raise questions that require an interpretation of Rule 5–601. We conclude that defendant's motion was timely but that he failed to show sufficient grounds to require a hearing as to either claim. Thus, we hold that the trial court did not err in denying his motion. Finally, we conclude that the claim of ineffective assistance has been raised prematurely. Therefore, we affirm.

Defendant raised three other issues in his docketing statement. He restates those issues in his brief-in-chief, citing *State v. Boyer,* 103 N.M. 655, 712 P.2d 1 (Ct.App.1985). However, defendant presents no argument or authority in his brief in support of his contentions under those issues. *See State v. Sisneros,* 98 N.M. 201, 647 P.2d 403 (1982). For the reasons stated in our calendar notices, we therefore affirm as to those issues. *Id.*

*Facts*

Defendant complains only about the period of delay between his arrest on the date of the offense and his indictment for that offense, which was almost a year. Defendant was arrested for shoplifting on October 25, 1986. He was released from custody pending further investigation two days later, without bond and without restrictive conditions. He was indicted on October 16, 1987.

Defendant was arraigned on November 16, 1987. Although Rule 5–601(D) requires that pre-trial motions shall be filed at the time of arraignment or within twenty days thereafter, defendant did not file his motion to dismiss until March 3, 1988, five days before trial and 108 days after arraignment. Defendant did not file a request for evidentiary hearing as required by Rule 5–601(E), but rather he orally requested further hearing of his claims dur-

ing argument on his motion to dismiss, the morning of trial. The record indicates the trial court denied his request for a hearing and also denied his motion to dismiss, because the trial court considered the motion untimely.

The public defender's office was appointed to represent defendant three days before arraignment. Three different attorneys from that office successively represented defendant. The third defense attorney entered his appearance on January 5, 1988, two months prior to trial. The only reason defendant gave for having waited almost five months from the date of indictment to move for dismissal on pre-indictment delay grounds was the succession of attorneys representing him.

*Applicability of Rule 5–601*

Under Rule 5–601(C), certain defenses and objections must be raised prior to trial, while others shall be noticed by the court at any time. Under Rule 5–601(D), all motions shall be made at the arraignment or within twenty days thereafter, unless otherwise provided by the rules, otherwise ordered by the court, or unless the court waives the time requirement upon good cause shown. Under Rule 5–601(E), if an evidentiary hearing is required, the moving party must include with the motion a separate written request for such a hearing, including the ultimate facts intended to be proven. Unless a shorter time is ordered by the court, each party shall submit a witness list at least five days prior to the hearing.

■ The state argues that the later subsections of the rule modify the prior subsection. *See People v. Moats,* 165 Ill. App.3d 413, 116 Ill.Dec. 462, 519 N.E.2d 52, *appeal denied,* 121 Ill.2d 580, 122 Ill.Dec. 443, 526 N.E.2d 836 (1988). Thus, in the state's view, defendant's motion was untimely and incomplete because the motion was not filed within twenty days of arraignment and because the request for a hearing was not in compliance with Rule 5–601(E).

Defendant advances several alternative interpretations of Rule 5–601(C) and (D).

First, he argues that a motion based on a defect in the initiation of the prosecution is not subject to the twenty-day rule. Rather, such a motion may be raised at any time prior to trial. *Cf. State v. Aragon,* 99 N.M. 190, 656 P.2d 240 (Ct.App.1982) (six-month rule motions, SCRA 1986, 5–604(B), not governed by Rule 5–601(D)). Defendant also contends that the timeliness of his assertion of the right to a speedy trial should be only one factor in the analysis. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Harvey,* 85 N.M. 214, 510 P.2d 1085 (Ct. App.1973). Finally, defendant argues that his motion was timely because it arises out of a fundamental right. *See State v. Lujan,* 103 N.M. 667, 712 P.2d 13 (Ct.App. 1985).

Defendant does not contend that Rule 5–601(E) is inapplicable. Rather, he suggests that he made a sufficient showing to excuse noncompliance.

According to the committee commentary, paragraph C of Rule 5–601 was derived from the Federal Rules of Criminal Procedure. *See* Fed.R.Crim.P. 12(b)(1), (b)(2), (f). Under the federal rule, there is no equivalent to paragraph D or E of Rule 5–601.

The first question presented by defendant's appeal and the state's response is whether paragraph D of Rule 5–601 modifies paragraph C. We believe it does not. Paragraph C provides that failure to present a defense as required by that paragraph constitutes a waiver, but the court for cause may grant relief. Paragraph D contains its own waiver provision. Paragraph D also excludes from its operation motions governed by other rules. Finally, *Aragon* indicates that the motions listed in Rule 5–601(C)(1) need not be made within the time limit imposed by Rule 5–601(D). For all of these reasons, we conclude that Rule 5–601(C) lists several motions that must be raised before trial but need not be raised at arraignment or within twenty days thereafter. *See State v. Aragon.*

Defendant's motion was based on two objections, both of which were directed at

the initiation of the prosecution. Therefore, defendant's motion was timely.

■ The next questions raised by defendant's appeal and the state's response are whether paragraph E applies to defendant's request for a hearing and, if so, how his noncompliance with that provision affects his appellate claim.

Paragraph E establishes an orderly procedure for resolving issues that need to be resolved prior to trial but for which an evidentiary hearing is appropriate. Although the rule is not entirely clear, it seems to provide two steps: (1) upon receipt of a motion and separate written request for an evidentiary hearing, the trial court determines whether an evidentiary hearing is required; and (2) after the motion has been set for a hearing, the parties provide each other with the required information within the time limit of the rule or the alternative time limit provided by the court.

We see no reason not to apply this provision to all motions for which an evidentiary hearing is required. We hold, however, that the trial court must decide initially whether an evidentiary hearing is required. Ordinarily, that will be based upon the statement of facts intended to be proved. If an evidentiary hearing is not required, the trial court may decide the issues raised by the motion without a hearing.

Although the trial court incorrectly ruled that defendant's motion was untimely, we will not reverse a ruling when the court reaches the correct result for the wrong reason. See H.T. Coker Constr. Co. v. Whitfield Transp., Inc., 85 N.M. 802, 518 P.2d 782 (Ct.App.1974). Under Rule 5–601(E), the trial court was entitled to deny the motion without a hearing, if defendant failed to show the need for such a hearing. We assume, but need not decide, that had defendant made a sufficient showing the trial court would have erred in denying his request, notwithstanding his failure to comply with the rule. We conclude defendant failed to make a sufficient showing as to either claim raised by his motion to dismiss.

*Speedy Trial Claim*

■ Defendant did not present the trial court with sufficient grounds to require a hearing on his sixth amendment speedy trial claim. Our recent decision in *State v. Sanchez*, 108 N.M. 206, 769 P.2d 1297 (Ct. App.1989), is dispositive. Arrest alone, without posting bond, imposition of restrictive conditions of release, or being held to answer for unresolved criminal charges, does not trigger defendant's speedy trial rights. *Id.; see also United States v. Loud Hawk*, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986); *United States v. Kidd*, 734 F.2d 409 (9th Cir.1984); *State v. Lewis*, 107 N.M. 182, 754 P.2d 853 (Ct.App.1988) (generally, sixth amendment speedy trial guarantee does not attach until defendant is indicted, arrested or accused). In this case, although defendant was incarcerated for two days, there is no evidence in the record that he was ever charged. Because the sixth amendment speedy trial guarantee does not apply until charges are pending, *see United States v. MacDonald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), we hold defendant's constitutional right to a speedy trial did not attach until he was indicted.

Defendant contends that the arrest jeopardized his parole status and analogizes that jeopardy to the "cloud of 'unresolved criminal charges'," under which the defendant lived during pre-indictment delay in *Kilpatrick v. State*, 103 N.M. 52, 53, 702 P.2d 997, 998 (1985). The analogy is not persuasive. The question is whether defendant's right to a speedy trial on charges arising out of the more recent offense has been triggered. Any impairment to defendant's liberty by reason of a prior conviction is not relevant in answering that question. *See Mackey v. State*, 279 Ark. 307, 651 S.W.2d 82 (1983); *State v. Harvey*, 184 Mont. 423, 603 P.2d 661 (1979).

Under the circumstances of this case, the sixth amendment's speedy trial clause does not apply to defendant's claim of unjustified delay. *See United States v. Loud Hawk*. Thus, the trial court did not err in refusing to hold an evidentiary hearing on the factors that are relevant under *Barker*.

*See State v. Sanchez.* The trial court was entitled to deny the motion without a hearing.

### Due Process

■ In order to establish a claim of deprivation of due process, defendant has the burden of showing actual prejudice to his defense resulting from the delay. That is, defendant must show that his defense would have been more successful absent the delay. *See State v. Duran,* 91 N.M. 756, 581 P.2d 19 (1978); *State v. Grissom,* 106 N.M. 555, 746 P.2d 661 (Ct.App.1987).

■ Defendant asserts three facts to support his contention that he suffered prejudice as a consequence of pre-indictment delay: the length of the delay; the threat to his parole status; and the absence of a witness he contends would have testified on his behalf. Lapse of time alone is insufficient to establish substantial prejudice. *State v. Duran.* Although defendant's parole was revoked and he was incarcerated prior to trial, this did not occur until after the indictment was filed. Defendant does not suggest that revocation of his parole had any effect on his defense. The last of defendant's contentions, that a defense witness disappeared, is defendant's only claim of actual prejudice to his defense.

■ Defendant urges that he made a showing of prejudice below sufficient to require the trial court to hold an evidentiary hearing. We disagree. Defendant's showing of prejudice consisted entirely of a single statement made by counsel during argument on his motion: "the only witness that Mr. Urban had [who] would have been able to present testimony on his behalf was lost, and by lost, I mean this person apparently moved from New Mexico and was no longer locateable [sic]." The fact that a witness is missing is not sufficient to show actual prejudice. *See State v. Grissom,* 106 N.M. at 566, 746 P.2d at 672 (defendant must "establish with specificity the critical testimony which [he] assert[s] has been lost"); *State v. Lewis* (proof of prejudice must be definite, not speculative).

When the trial court refused defendant's request for an evidentiary hearing, he made no offer of proof of: the identity of the absent witness; the subject matter of the witness' testimony; how the witness' evidence would aid or support his defense; when the witness left the state and how that date related to pre-indictment delay; or any effort made by defendant to locate the witness. *See* SCRA 1986, 11–103(A)(2); *State v. Doe,* 103 N.M. 178, 704 P.2d 432 (Ct.App.1984) (defendant required to make an offer of proof indicating what evidence would be presented at evidentiary hearing). The statement by counsel concerning the absent witness is not a showing of prejudice which would require further inquiry into defendant's due process claims. *See State v. Lucero,* 91 N.M. 26, 569 P.2d 952 (Ct.App.1977) (claim of prejudice because of lost witness insufficient where defendant made no showing as to lost testimony); *State v. Knapp,* 123 Ariz. 402, 599 P.2d 855 (Ct.App.1979) (mere allegation that witness has become unavailable insufficient to show prejudice); *State v. Evans,* 19 Or. App. 345, 527 P.2d 731 (1974), *cert. denied,* 423 U.S. 843, 96 S.Ct. 77, 46 L.Ed.2d 63 (1975) (no prejudice where defendant does not show efforts to obtain lost evidence to defend himself).

Under other circumstances, the fact that a defendant's motion is grounded in the fundamental right to due process of law may override the requirements generally applicable to pre-trial motions. *Cf. State v. Lujan* (defendant did not waive right to raise issue involving fundamental right of due process by failing to timely move for dismissal). This court has held, however, that defendant can waive even constitutionally protected rights by failure to timely assert them. *State v. Helker,* 88 N.M. 650, 545 P.2d 1028 (Ct.App.1975).

Defendant's motion to dismiss does not indicate he sought to prove that he lost exculpatory evidence by reason of the delay. There is no allegation in the motion which, if proven, would constitute prejudice to the defense sufficient to require due process analysis. In this case, then, defendant failed to make an adequate showing that an evidentiary hearing was necessary.

*See State v. Doe.* In the absence of such a showing, the trial court did not err in refusing to delay the trial in order to hold a hearing. On these facts, the trial court was entitled to deny the motion without a hearing.

### Ineffective Assistance

Finally, defendant argues that, if he fails to persuade this court that his motion to dismiss was timely filed and that he should have had an evidentiary hearing, we should reverse on the basis that the failure to timely file the motion was due to ineffective assistance of counsel. Defendant concedes that he must establish actual prejudice resulting from incompetence of his attorney, *see State v. Talley*, 103 N.M. 33, 702 P.2d 353 (Ct.App.1985), and that, on this record, there is no showing of such prejudice. Defendant requests that we remand for an evidentiary hearing on the question, based upon a conclusive presumption of prejudice as in *State v. Duran*, 105 N.M. 231, 731 P.2d 374 (Ct.App.1986).

The presumption in *Duran* was based on counsel's failure to file a timely notice of appeal from conviction, a right granted to all criminal defendants under our state constitution. Although defendant's motion to dismiss was based on fundamental rights, he does not have a fundamental right to an evidentiary hearing based upon vague assertions of prejudice resulting from pre-indictment delay. *See State v. Helker.* We have no basis for conclusively presuming ineffective assistance on the record before us. *See State v. Duran.* Defendant's remedy for ineffective assistance, if he can show failure to meet the standard of competent counsel and prejudice resulting from that failure, *see State v. Talley*, is in post-conviction relief. *See* NMSA 1978, § 31-11-6 (Repl.Pamp.1984); SCRA 1986, 5-802.

### Conclusion

Defendant has established no basis for the relief he seeks in this court. For the reasons set forth above, we affirm the conviction.

IT IS SO ORDERED.

BIVINS, C.J., and ALARID, J., concur.