This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOSEPHINE (GALBISO) MARTINEZ and**
**MARY JANE GALBISO,**

       **Petitioners-Appellants,**

**v.**                                   **No. 34,341**

**GABRIELLE VALDEZ,**

       **Personal Representative-Appellee,**

   **and**

**ELISA McDOWELL,**

       **Interested Party-Appellee,**

**IN THE MATTER OF THE ESTATE**
**OF JOSEPHINE A.G. STEVENS, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Josephine Martinez
Albuquerque, NM

Pro Se Appellant

Mary Jane Galbiso,
San Francisco, CA

Pro Se Appellant

Youtz & Valdez, PC
Gabrielle M. Valdez
Albuquerque, NM

Lakins Law Firm, P.C.
Charles N. Lakins
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Petitioners (Heirs) appeal from several orders entered by the district court in this probate case, denying their petition to remove the personal representative, their complaint for a private sale, and their request for a stay pending appeal. We issued a notice of proposed disposition proposing to affirm, and Heirs have responded with a memorandum in opposition. We have carefully considered the arguments raised in that memorandum, but remain convinced that affirmance is the correct result in this case. Therefore, for the reasons discussed below and in our notice, we affirm.

{2}    The notice discussed in detail the issues raised in Heirs' docketing statement. The memorandum in opposition does not respond to a number of these points, and we therefore rely on our discussion in the notice as to issues about which Heirs have elected not to respond. *See Hennessy v. Duryea,* 1998-NMCA-036, ¶ 24, 124 N.M.

754, 955 P.2d 683 (pointing out that in summary calendar cases, the party opposing the proposed disposition has the burden of clearly pointing out errors in fact or law). The memorandum in opposition does raise several general arguments, which we discuss below.

{3}    Heirs contend that the personal representative should have been removed from her position because she proceeded to sell the estate's property (decedent's home) despite the fact that Heirs had filed a lis pendens as to that property. Heirs seem to be under the impression that the existence of a lis pendens prevents the sale of the property to which it attaches, and that the sale of the property in this case therefore "violated" the lis pendens. That is not the function of a lis pendens. Instead, a lis pendens provides notice to potential buyers of the property of the existence of litigation that could affect title to the property. *See Kokoricha v. Estate of Keiner*, 2010-NMCA-053, ¶¶ 13-14, 148 N.M. 322, 236 P.3d 41. While it prevents a buyer of the property from qualifying as a "bona fide purchaser without notice" and subjects the buyer to the results of the ongoing litigation, *see id.* (internal quotation marks omitted), a lis pendens does not preclude a sale of the property. In short, a lis pendens makes a sale of property more risky for the buyer and thus may make it more difficult to sell the property, but it does not prevent such a sale from occurring. Thus, Heirs' argument that the personal representative may have somehow violated the law or her

duties as personal representative, because she sold the property despite the existence of the lis pendens, is not persuasive.

{4} Heirs also argue that the personal representative violated NMSA 1978, Section 45-3-611 (1907, as amended through 1959), by continuing to "market" the property after they filed their petition to remove the personal representative from her position. Heirs do not explain what facts in the record support their assertion concerning the personal representative's actions. In addition, they do not explain how this argument, which was not raised in the docketing statement, was preserved below. *See* Rule 12-216 NMRA (requiring that a party must fairly invoke a ruling or decision in the district court as to a certain issue, in order to preserve that issue for review on appeal). And finally, Heirs' argument is not supported by the facts. The personal representative entered into a contract to sell the property in July or August 2014, several months before Heirs filed their petition to remove her from her position. [RP Vol. 6, 1724, 1771, 1862] The petition was filed on November 3, 2014, only a month before it was denied by the district court. [Id. 1724, 1788] Only after the petition was denied did the personal representative participate in the closing that completed the sale of the property, on December 16, 2014. [RP Vol. 7, 1854] There is no evidence in the record proper, and Heirs cite to none, that during the month between the filing of the petition

to remove and the denial of that petition, the personal representative took any action with respect to the property. For all of the above reasons, we reject this argument.

{5}     Heirs continue to argue that they were entitled to a hearing before their petition to remove the personal representative was denied. As we pointed out in the notice of proposed disposition, however, a hearing is not required to be held on every motion filed by a party. *See, e.g., State v. Urban*, 1989-NMCA-053, ¶ 25, 108 N.M. 744, 779 P.2d 121. As we also pointed out, the district court had ample opportunity to observe the personal representative's performance of her duties during this heavily-litigated probate case and to determine whether the petition to remove had any merit. Finally, the main new argument raised by Heirs in their objections to the personal representative's performance of her duties was the "violation of lis pendens" argument; as we have explained above, that argument has no merit. We hold that the district court did not abuse its discretion in ruling on the petition to remove without holding an evidentiary hearing.

{6}     The final argument raised in the memorandum in opposition is Heirs' contention that once they filed their complaint requesting partition and private sale of the estate's property, the district court should have followed the procedures outlined in NMSA 1978, Sections 42-5-1 to -7 (1978). Heirs' argument is answered by *Matter of Estate of Lopez*, 1987-NMCA-087, ¶¶ 17-18, 106 N.M. 157, 740 P.2d 707, in

which we held that where heirs of an estate request partition, the issue should be handled in the probate proceedings rather than in a separate action brought under Section 42-5-1 to -7. This rule is especially apt in this case, for two reasons: first, the complaint was not filed as a separate lawsuit but as a pleading in the pending probate case; and second, the complaint was filed extremely late in the probate proceedings, after a contract to sell the property had already been executed by the personal representative. [RP 1756, 1771] The district court's refusal to require the estate to start over and implement the procedures set out in Sections 42-5-1 to -7 was not error.

{7} Based on the foregoing, as well as the analysis set out in the notice of proposed disposition, we affirm.

{8} **IT IS SO ORDERED.**


                                 _____
                                 **J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**STEPHEN G. FRENCH, Judge**