829 P.2d 652

Theresa **RUTHERFORD**, Petitioner–Appellant,

v.

**CITY OF ALBUQUERQUE**, Arthur A. **Blumenfeld**, Chief Administrative Officer, Jay Czar, Director of General Services, and the City of Albuquerque Hearing Officer, Respondents–Appellees.

No. 19899.

Supreme Court of New Mexico.

April 16, 1992.

**574**

William J. Tryon, Albuquerque, for petitioner-appellant.

David S. Campbell, City Atty., David Suffling, Asst. City Atty., Albuquerque, for respondents-appellees.

## OPINION

FRANCHINI, Justice.

This appeal addresses the time parameters for appealing a City of Albuquerque Personnel Board decision. The Albuquerque Merit System Ordinance establishes an administrative procedure for resolving grievances pertaining to disciplinary mat-

ters involving city employees. Albuquerque, N.M., Rev.Ordinances, ch. 2, art. IX, § 2-9-25(D) (1989). Theresa Rutherford appealed, by filing a petition for a writ of certiorari in accordance with the ordinance, from an adverse decision of the Board forty-five days after it was signed and within thirty days after it was mailed. The district court dismissed Rutherford's writ of certiorari on the ground that it was not timely filed. We reverse and hold that the time for appeal begins to run upon the mailing of the Board's decision.

The facts surrounding the timeliness of the appeal were not contested. On September 18, 1990, the Personnel Board adopted the recommendation of the hearing officer, upholding Rutherford's dismissal. The written decision was mailed to counsel of record on October 5, 1990. Rutherford's attorney received the decision on October 9, 1990. Rutherford filed a petition for a writ of certiorari on November 2, 1990.

In construing a municipal ordinance, we apply the same rules of construction that we use when construing a statute of the legislature. *Burroughs v. Board of County Comm'rs*, 88 N.M. 303, 306, 540 P.2d 233, 236 (1975). Thus, in interpreting the Albuquerque ordinance, we look to the object sought to be accomplished and the wrong sought to be remedied. *Lopez v. Employment Sec. Div.*, 111 N.M. 104, 105, 802 P.2d 9, 10 (1990). We also read the ordinance in its entirety and construe each part in connection with every other part to produce a harmonious whole. *State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988).

The applicable section of the city ordinance provides: "[a]ppeal of the decision of the Personnel Board to District Court by the employee or the City shall be taken within thirty (30) days of the final adverse decision of the Board." § 2-9-25(D)(5)(c). This section does not specify what constitutes the final adverse decision—the date of the oral decision or the signing of the written decision—nor does it specify how or when the parties should be notified of the decision. The absence of a notice provi-

sion and the failure to tie notice to the time for filing an appeal contrast with the preceding sections of the grievance resolution procedure. Sections 2–9–25(D)(2) to (4) provide in relevant part:

> (2) Within ten (10) calendar days *of the receipt of* the employee's written grievance, * * *. If the employee is unsatisfied with the decision of the Chief Administrative Officer, he or she may, within ten (10) calendar days *of receipt of such notice,* request that the Personnel Board provide him or her a hearing on the matter * * *.
>
> (3) Within ten (10) working days *after receiving* the written request from the aggrieved employee, * * *. As soon as possible but in any event within thirty (30) calendar days after concluding a hearing, the Hearing Officer *shall transmit* ... to the Personnel Board, the Chief Administrative Officer, and the subject employees * * *.
>
> (4) * * * As soon as possible after the Personnel Board has received the recommendation, it shall act; such action shall normally be within thirty (30) days *of transmittal* of the hearing officer's report * * *. (emphasis added)

■ We must read this ordinance so as to facilitate its operation and the achievement of its goals. *See Griego v. Bag 'N Save Food Emporium,* 109 N.M. 287, 291–92, 784 P.2d 1030, 1034–35 (Ct. App.1989), *cert. denied,* 109 N.M. 262, 784 P.2d 1005 (1990). Additionally, in construing this ordinance, we should "so far as practicable, reconcile different provisions so as to make them consistent, harmonious and sensible." *State ex rel. Clinton Realty Co. v. Scarborough,* 78 N.M. 132, 135, 429 P.2d 330, 333 (1967). There is inconsistency in this ordinance because most sections, in contrast to Section 2–9–25(D)(5)(c), provide for notice and connect the notice to the time for filing an appeal. It is significant in this case that, unlike the final decision of a court of record, the final decision of the Personnel Board is never filed or recorded. The only notice is the mailed decision, although Section 2–9–25(D)(5)(c) does not specify when the decision should be mailed. Thus, the decision of the Board could conceivably be withheld altogether or mailed thirty days after the final decision, thereby denying the losing party due process.

This case differs from our recent opinion in *Maples v. State,* 110 N.M. 34, 791 P.2d 788 (1990), in which a party attempted to appeal from an adverse administrative decision thirty days after it was filed. Although the party did not receive actual notice of the adverse decision until after the time to appeal had lapsed, her counsel was aware that a ruling had been made and he could have determined if the decision had been filed and what the decision was. Under the ordinance at issue here, counsel cannot determine whether a decision has been made or what it is because the decision is never filed or recorded.

■ The overall intent of the ordinance appears to provide for due process. The essence of procedural due process is that the parties be given notice and an opportunity for a hearing. *Jones v. Nuclear Pharmacy, Inc.,* 741 F.2d 322, 325 (10th Cir.1984). We conclude that the City did not intend to deny due process, but intended to provide a mechanism for the parties to receive notice. This intent is evident in the sections of the ordinance that specify notice and also connect notice to the time for filing an appeal. "A distinct provision of a statute specifically addressing certain conduct should prevail over a more general provision that could be read to govern the same conduct." *State v. Stephens,* 111 N.M. 543, 547, 807 P.2d 241, 245 (Ct.App. 1991). In view of the foregoing, we interpret the ordinance to provide for an appeal within thirty days of the *mailing* of the final adverse decision of the Board. Any other interpretation would be inconsistent with the ordinance's overall intent to provide due process. When there are contrary interpretations relating to the right of appeal, the interpretation permitting review on the merits, rather than one rigidly restricting appellate review should be favored. *In re Application No. 0436–A,* 101 N.M. 579, 581, 686 P.2d 269, 271 (Ct.App. 1984).

For the above reasons, we reverse the order dismissing the writ and remand to the trial court for further proceedings.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.