This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRYANNA PEARL BAKER,**

Plaintiff-Appellee,

v.                                                        **NO. 31,256**

**STEPHANIE HESTROM, M.D., CORDELL K. HALVERSON, SAN MIGUEL HOSPITAL, ALTA VISTA HOSPITAL, GWEN TEKEL, M.D., MISBAH-SMILY, M.D., CENTER FOR PRENATAL DEVELOPMENT, SOUTHWEST PERINATOLOGY, WILLIAM RAMIREZ, M.D., BOARD OF REGENTS OF UNM, LORENE VALDEZ-BOYLE, M.D., LEE CARUANA, M.D., FAMILY PRACTICE ASSOCIATES,**

Defendants,

and

**JOHN M. BURNETT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

The Baker Law Firm
Renni Zifferblatt
Jeffrey L. Baker
Albuquerque, NM

for Appellee

John E. Farrow
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Appellant, John Burnett, appeals from the district court's order denying his motion for reapportionment of attorney fees, his motion to compel payment, and his attorney charging lien. We issued a notice of proposed summary disposition proposing to affirm on September 26, 2011. Appellant filed a memorandum in opposition on November 23, 2011, which we have duly considered, along with the subsequently filed supplemental record proper. We remain unpersuaded, and we therefore affirm.

Appellant first argues that the district court committed reversible error by scheduling the hearing on Plaintiff's motion to vacate the charging lien prior to the time his response to the motion was due. [MIO 1-4] We view this as an argument that Appellant was denied due process by the scheduling of the hearing prior to the time given for the response to be filed. Claims involving the denial of procedural due process are questions of law which the court reviews de novo. *See Cordova v. LeMaster*, 2004-NMSC-026, ¶ 10, 136 N.M. 217, 96 P.3d 778. "The essence of procedural due process is that the parties be given notice and an opportunity for a

hearing." *Rutherford v. City of Albuquerque*, 113 N.M. 573, 575, 829 P.2d 652, 654 (1992).

In our notice of proposed summary disposition, we noted that the burden is on the appellant to clearly demonstrate that the trial court erred, and that appellant had merely asserted that the hearing was scheduled prior to the time given for the response without providing any additional relevant facts and circumstances. In his memorandum in opposition, Appellant argues that the scheduling of the hearing was in violation of the local rules of procedure for the Fourth Judicial District Court. [MIO 1-2] Specifically, LR 4-304(D) NMRA states that unless otherwise provided by rule of procedure or statute any written response shall be filed within fifteen days after service of the motion. In addition, LR4-304(G) states that the moving party shall request a hearing within fifteen days after the timely filing of a response or reply to the motion. We understand Appellant to argue that the violation of these local rules denied him due process.

We disagree. We first note that, even assuming a violation of these local rules occurred, this would not amount to a per se constitutional violation. *See, e.g.*, *United Nuclear Corp. v. Gen. Atomic Co.*, 93 N.M. 105, 123, 597 P.2d 290, 308 (1979) (stating that the requirements of due process are not technical and that no particular form of procedure is necessary for protecting substantial rights); *Bird v. Lankford*, 116

N.M. 408, 410, 862 P.2d 1267, 1269 (Ct. App. 1993) (stating that the failure to follow a state statutory procedure does not necessarily amount to a violation of due process); *State ex rel. Hughes v. City of Albuquerque*, 113 N.M. 209, 211, 824 P.2d 349, 351 (Ct. App. 1991) (stating that a violation of state law requiring certain procedures does not necessarily constitute a violation of constitutional due process).

In this case, Appellant had notice of the hearing and he was represented by counsel at the hearing. *Rutherford*, 113 N.M. at 575, 829 P.2d at 654 (stating that the essence of procedural due process is that parties be given notice and an opportunity for a hearing). Appellant does not inform us what, if any, arguments or evidence he was prevented from presenting to the court or how he was otherwise prejudiced by the timing of the hearing. *See Nat'l Council on Comp. Ins. v. N.M. State Corp. Comm'n*, 107 N.M. 278, 286, 756 P.2d 558, 566 (1988) (holding that due process rights were not violated where no prejudice was demonstrated); *Jones v. N.M. State Racing Comm'n*, 100 N.M. 434, 436, 671 P.2d 1145, 1147 (1983) (rejecting the appellants' due process claim where they failed to demonstrate prejudice); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990) (stating that an appellant must affirmatively demonstrate his assertion of error). We therefore reject Appellant's argument denied due process by the timing of the hearing on the motion to vacate his charging lien.

Appellant also argues that an evidentiary hearing is required to resolve an attorney charging lien. [MIO 4-5] We first note that Appellant has cited to no authority to support this assertion. We therefore reject it. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists). We also note that in our notice of proposed summary disposition, we invited Appellant to inform us whether he in fact requested an evidentiary hearing on his charging lien and to tell us what evidence, if any, he was prevented from introducing. Appellant makes no response in his memorandum in opposition. Rather, Appellant argues that, by failing to hold an evidentiary hearing, the district court dismissed his charging lien as a matter of law. Appellant therefore argues that the denial of the charging lien should be reviewed as a failure to state a claim. *See Cherpelis v. Cherpelis*, 1998-NMCA-079, ¶ 6, 125 N.M. 248, 959 P.2d 973 (reviewing the dismissal of an attorney charging lien as a failure to state a claim for relief where the district court took no evidence and expressly dismissed the lien as a matter of law).

We disagree. Based on our review of the record, there was evidence before the district court on the merits of the charging lien. The record indicates that Plaintiff attached exhibits to her response to the notice of charging lien, including: affidavits, the contract of representation, numerous letters and emails, a copy of the bar

5

complaint filed by Plaintiff against Appellant, and expense statements. [RP 28-159] We therefore reject Appellant's argument that the district court dismissed the charging lien as a matter of law without reviewing any evidence. We therefore decline to review the dismissal of the charging lien as a failure to state a claim. As Appellant does not challenge the denial of the charging lien on the merits, we affirm the district court's order vacating the charging lien.

Appellant finally argues that the district court provided no notice that it would resolve his motion for reapportionment of attorney fees and his motion for accounting following the hearing on the motion to vacate the charging lien. [MIO 3] We disagree that Appellant was not on notice that his motions would be decided. In his motions, Appellant argued that Attorney Greg Kaufman was in possession of settlement funds that were owed to him, that he was entitled to future settlement funds that Attorney Kaufman might receive, and that the district court should determine that he was entitled to a higher percentage of attorney fees than his agreement with Mr. Kaufman provided. [RP 186-192] On February 16, 2011, Plaintiff filed her motion to vacate the charging lien, in which she noted that Appellant had pending motions for reapportionment of attorney fees and accounting and to compel payment of settlement funds into the court registry, argued that Appellant had waived any right to compel payment or to seek any fees associated with her case, and asked the court to order that

6

Appellant was not entitled to any past or future attorney fees. [RP 213] Under these circumstances, we reject Appellant's argument that he had no notice that his motions were at issue at the hearing. Although Plaintiff entitled her motion a motion to vacate a charging lien, the substance of her motion addressed the merits of all of Appellant's pending motions. *See Century Bank v. Hymans*, 120 N.M. 684, 689, 905 P.2d 722, 727 (Ct. App. 1995) (stating that the substance of the motion, not its title, controls).

Additionally, we reject Appellant's argument that his claim for attorney fees was dismissed without his having an opportunity to offer evidence. Based on our review of the record, Appellant filed his motion for reapportionment of attorney fees and his motion to compel settlement payments into the court registry and for accounting on February 1, 2010. Plaintiff filed responses to these motions on April 12, 2010. [RP 7; 18] Thereafter, Appellant took no further action. He did not reply to Plaintiff's responses to his motions, nor did he request any hearing on his motions, or that the court rule on the motions. At the time Plaintiff filed her motion to vacate the charging lien, Appellant's motions had been outstanding for over a year with no action on his part. We therefore disagree that Appellant had no opportunity to present evidence in support of his motions.

**CONCLUSION**

7

For these reasons we affirm the district court.

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Judge**

**MICHAEL D. BUSTAMANTE, Judge**