This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PATRICK D. TAYS,**

Plaintiff-Appellant,

v.                                                        **NO. 35,843**

**S. CRAIG TAYS and MELVIN E. TAYS,**

Defendants-Appellees,

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Patrick D. Tays
Ruidoso, NM

Pro Se Appellant

John R. Hakanson
Alamogordo, NM

for Appellees

### MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Patrick D. Tays ("Plaintiff") appeals from the district court's order granting Defendant Craig Tays' ("Defendant") motion to settle the trust, in accordance with a settlement agreement entered into by the parties in a different matter, and awarding

attorney and accountant fees to be paid from the trust property that is the subject of this litigation. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff has filed a memorandum in opposition thereto. After due consideration, we remain unpersuaded.

{2}     In his memorandum in opposition, Plaintiff reiterates his position that he was denied due process and proper notice in connection with the subject of the April 6, 2015 hearing, namely, Defendant's motion to settle the trust in accordance with the settlement agreement. [MIO 1-5] Plaintiff asserts that he "notified the court below that he was 'surprised' and had not received fair notice of the April 2015 hearing[,]" and we acknowledged as much in our calendar notice. [MIO 5; CN 2] Plaintiff does not challenge our observation that he did not claim to be unprepared to address the motion and did not ask the district court for additional time to allow him to prepare a response. [MIO 5] *See State v. Barazza*, 1990-NMCA-026, ¶ 13, 110 N.M. 45, 791 P.2d 799 ("Failure to request a continuance undermines [a] defendant's claim of unfair surprise."). Likewise, Plaintiff does not challenge our assumption that he received, in advance, a copy of Defendant's motion and the simultaneously filed request for a hearing asking that the motion be heard during the previously scheduled April 6, 2015 hearing. [CN 3] As such, we hold that Plaintiff received reasonable notice that Defendant's motion could be addressed during the April 6, 2015 hearing, as well as

a fair opportunity to be heard. *See Rutherford v. City of Albuquerque*, 1992-NMSC-027, ¶ 7, 113 N.M. 573, 829 P.2d 652 ("The essence of procedural due process is that the parties be given notice and an opportunity for a hearing."); *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 (stating that if the record is doubtful or deficient, we will indulge every presumption in support of the district court's judgment).

{3}     With regard to Plaintiff's second challenge on appeal—that the district court erred in dismissing this case based on a settlement agreement reached in a prior matter and without ordering an accounting of the trust property at issue—Plaintiff argues in the memorandum in opposition that he "did not agree to [the settlement agreement] and never signed it." [MIO 5] We construe Plaintiff's position as a challenge to the district court's decision not to allow Plaintiff to relitigate the existence of the settlement agreement and its terms. [RP 256-57] *See Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor*, 1993-NMCA-008, ¶ 15, 115 N.M. 159, 848 P.2d 1086 ("[C]ollateral estoppel . . . may be applied to preclude a plaintiff from relitigating an issue the plaintiff has previously litigated and lost, regardless of whether the defendant was privy to the prior suit." (citation omitted)). Our review of the record proper reveals that Defendant presented evidence that (1) in 2005, Plaintiff and Defendant were parties to a different litigation; (2) during mediation in that

matter, a settlement agreement was reached providing for the division of the trust property that is the subject of the present litigation; (3) Plaintiff subsequently refused to sign the agreement; (4) the district court in the prior matter held an evidentiary hearing during which the mediator and Plaintiff testified; and (5) on February 19, 2007, the latter court entered an order holding that, with certain modifications, the unsigned settlement agreement presented by Defendant accurately reflected the agreement of the parties ("2007 Order"). [RP 199-211, 244-45] Plaintiff's only challenge below to the 2007 Order was that it was entered in a different matter. [RP 256] Therefore, we hold that the district court did not err in applying the doctrine of collateral estoppel to this issue. *Hyden*, 1993-NMCA-008, ¶ 14 (stating that application of defensive collateral estoppel requires a showing that (1) the causes of action in the two suits are different; (2) the ultimate issue was actually litigated; (3) the ultimate issue was necessarily determined; and (4) the party to be bound by collateral estoppel had full and fair opportunity to litigate the issue in the prior suit).

{4}     In the memorandum in opposition, Plaintiff adds a citation to the Mediation Procedures Act (the Act), NMSA 1978, §§ 44-7B-1 to -6 (2007), which states that "[i]f the mediation parties reach a settlement agreement evidenced by a record signed by the mediation parties, the agreement is enforceable in the same manner as any other written contract." Section 44-7B-6(A). The Act became effective on July 1, 2007, or

4

almost five months after the 2007 Order was entered, and Plaintiff makes no argument that the Act should apply retroactively. [MIO 5-8] *See Warner v. Calvert*, 2011-NMCA-028, ¶ 1, 150 N.M. 333, 258 P.3d 1125 ("[T]he Mediation Procedures Act . . . became effective on July 1, 2007."). As such, we hold that the Act had no effect on the 2007 Order.

**{5}** With regard to Plaintiff's third challenge on appeal—that the district court violated Rule 1-054.1 NMRA in relation to the order filed on September 1, 2015—the memorandum in opposition asserts that the fact that the district court issued a written order is inconsistent with our conclusion that the district court ruled orally on the matter during the April 6, 2015 hearing. [MIO 1, 9] We remain unpersuaded. Our review of the record on appeal reveals that the district court reached a decision on all issues before it at the conclusion of the hearing and merely asked the parties to prepare an order memorializing its rulings. [RP 256, 360, 330-31] As such, we hold that Rule 1-054.1 was not violated.

**{6}** As to Plaintiff's fourth argument on appeal—that the district court erred in accepting verbatim an order drafted by Defendant—Plaintiff merely reiterates his previous position that the district court thereby abdicated its responsibility to make findings of fact and conclusions of law. [MIO 10-11] We remain unpersuaded. As stated in our calendar notice, our review of the record proper reveals that the language

of the order accurately reflects the district court's oral rulings from the bench. [RP 256-57, 270] As such, we hold that the district court did not abdicate its responsibility to make findings of fact and conclusions of law in adopting Defendant's draft order.

{7}    To Plaintiff's fifth challenge on appeal—that the district court clerk improperly failed to file several petitions—the memorandum in opposition adds that Plaintiff was denied due process of law because these petitions were never ruled on. [MIO 12] Our review of the record on appeal reveals that on April 6, 2015, the district court disposed of all issues pending at that time, and that on August 17, 2015 and May 9, 2016, the district court denied all pleadings that had been filed by Plaintiff subsequently to the April 6, 2015 hearing. [RP 311, 319-20, 329-32, 331-32, 360-61] Given that Plaintiff's sole additional argument is that his petitions were not ruled upon, we affirm.

{8}    As to Plaintiff's final contention on appeal—that the district court erred in awarding attorney and accountant fees—the memorandum in opposition states that "they were not authorized" and that the trustees "mismanaged the trust by not paying them." [MIO 12] Our review of the record on appeal reveals that the latter argument was not raised below. As such, we decline to address it. *See Wolfley v. Real Estate Comm'n*, 1983-NMSC-064, ¶ 5, 100 N.M. 187, 668 P.2d 303 ("It is well established in this state that theories, defenses, or other objections will not be considered when

6

raised for the first time on appeal."). As to Plaintiff's remaining contention, we reject it for the reasons stated in our calendar notice.

{9}     For the foregoing reasons, as well as those expressed in our calendar notice, we affirm the district court's judgment below and the award of attorney and accountant fees.

{10}     **IT IS SO ORDERED.**

 

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**STEPHEN G. FRENCH, Judge**