This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38480**

**CHRISTOPHER R. ROYBAL,**

Petitioner-Appellee,

v.

**KATRINA R. GARCIA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sylvia LaMar, District Judge**

Atler Law Firm, P.C.
Jazmine J. Johnston
Timothy J. Atler
Albuquerque, NM

for Appellee

Elizabeth Stacy Vencill
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Respondent (Mother) appeals the district court's order modifying the joint custody arrangement for the parties' two minor children (Children). We affirm.

**BACKGROUND**

**{2}** The parties share joint legal custody of Children. Previously, pursuant to the parties' custody arrangement, Petitioner (Father) had physical custody of Children on all weekends, excluding the last weekend of each month. Mother had physical custody at

all remaining times, with exceptions for holidays and vacations. Also pursuant to the custody arrangement, the parties were to "agree in writing prior to making any major changes in [Children]'s education[.]"

**{3}** Children were enrolled in Albuquerque Public Schools. At the close of the school year, Father moved the district court to modify the custody arrangement to award him physical custody during the school week and allow him to enroll Children in Los Alamos Public Schools. Father alleged that Mother had violated the parties' custody arrangement by enrolling the children in a charter school without his consent. Father also informed the district court that over the course of the school year, Children were tardy to school nearly forty times, and one of the children accumulated eight unexcused absences.

**{4}** The district court held a hearing to address Father's motion on July 29, 2019. Both parties testified at the hearing, and the district court ordered an emergency priority consultation. Because the next school year was about to begin, the district court expressed its desire to quickly complete a priority consultation and subsequent hearing on the resulting recommendations. The parties consented to an expedited hearing on the recommendations and a truncated period in which to file objections to the recommendations. The district court set the hearing for August 6, 2019. Mother filed her objections to the priority consultant's recommendations on the same day that the hearing was held, and they were addressed at the hearing.

**{5}** In relevant part, the priority consultant recommended that Children reside primarily in Los Alamos with Father and attend school at Los Alamos Public Schools. After hearing from both parties, the district court adopted the priority consultant's recommendations with some modifications and entered an order accordingly. The district court's order essentially reversed the custody arrangement between the parties, with Mother now having physical custody of Children on weekends, excluding the last weekend of the month, and Father having physical custody at all remaining times, with exceptions for holidays and vacations. Mother now appeals.

**DISCUSSION**

**{6}** On appeal, we interpret Mother's briefing as composing three arguments: (1) her due process rights were violated because she was provided inadequate notice and opportunity to be heard, was not provided hearings on certain motions, and was unable to cross-examine certain witnesses at the hearing before the district court modified the parties' custody arrangement; (2) the district court failed to find a substantial change in circumstances that affected Children's best interests, as required by law, before modifying the parties' custody arrangement; and (3) the district court acted with bias against her throughout the course of the proceedings below. We address Mother's first two arguments in turn. However, Mother's third argument is based on broad generalizations and is unsupported by the briefing. Accordingly, we decline to address it. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized

arguments."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining that appellate courts do not review undeveloped arguments).

## I.      Mother Was Afforded Sufficient Due Process

**{7}**     Mother argues that the district court did not afford her sufficient due process before it modified the custody arrangement between the parties. As grounds, Mother contends she had insufficient time to prepare for the hearing on the priority consultant's recommendations. Mother further contends that she did not receive hearings for certain motions she filed. Finally, Mother alleges that she was deprived of the right to cross-examine certain witnesses, such as the priority consultant, because they were not present at the hearing. We are not persuaded that Mother's due process rights were violated.

**{8}**     We review claimed due process violations de novo. *See Skowronski v. N.M. Pub. Educ. Dep't*, 2013-NMCA-034, ¶ 33, 298 P.3d 469. "Whenever a proceeding affects or interferes with the parent-child relationship courts must be careful to afford constitutional due process." *In re Pamela A.G.*, 2006-NMSC-019, ¶ 11, 139 N.M. 459, 134 P.3d 746. "The amount of process due depends on the particular circumstances of each case because procedural due process is a flexible right." *Id.* ¶ 12. "Procedural due process requires notice to each of the parties of the issues to be determined and opportunity to prepare and present a case on the material issues." *In re Laurie R.*, 1988-NMCA-055, ¶ 22, 107 N.M. 529, 760 P.2d 1295; *see Rutherford v. City of Albuquerque*, 1992-NMSC-027, ¶ 7, 113 N.M. 573, 829 P.2d 652. ("The essence of procedural due process is that the parties be given notice and an opportunity for a hearing.").

**{9}**     We conclude that Mother has failed to demonstrate that the district court offended her right to procedural due process. Mother cannot complain on appeal of a lack of time to prepare her case due to inadequate notice[1] when Mother agreed in the district court to the date of the expedited hearing and to the truncated time period to submit objections to the priority consultant's recommendations. The expedited hearing and truncated time period were crafted with the interests of Children in mind, as the outcome of the hearing would determine at which school Children would be enrolled for the fast-approaching school year. Mother filed her objections to the priority consultant's recommendations on the date of the hearing and was given an opportunity to address those objections at the hearing.

**{10}**     Mother further argues that her due process rights were violated because the district court did not set specific hearings for Mother's motions filed prior to the start of the July 29, 2019 hearing and on July 31, 2019. This argument is insufficiently

---

1To the extent this argument is premised on LR1-702 NMRA, we do not consider it. This rule was deleted from the Local Rules of the First Judicial District Court as a result of an order entered by our Supreme Court effective November 1, 2000. *See* LR1-702 NMRA (deleted 2001); *id.*, compiler's notes. Mother points us to no other authority to support this aspect of her argument. Accordingly, we assume no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel.").

developed. Mother merely states, without elaboration, that because there were no hearings on these motions "the court violated [her] due process rights." We will not develop this argument for Mother. *See Elane Photography, LLC. v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (providing that appellate courts require "that the parties adequately brief all appellate issues to include an argument" and noting that "[t]o rule on an inadequately briefed issue, [appellate courts] would have to develop the arguments itself, effectively performing the parties' work for them"). We note, however, that Mother did not request a court setting for either of these motions, and that a hearing for every motion filed by a party is not required. *See* Rule 1-007.1(G) NMRA ("A request for hearing shall be filed at the time an opposed motion is filed."); LR1-201(D)-(E) (outlining the procedure for requesting a hearing in the First Judicial District Court, and stating that the court may deny the request and rule on the pleadings); *cf. State v. Urban*, 1989-NMCA-053, ¶ 25, 108 N.M. 744, 779 P.2d 121 (holding that the district court did not err by declining to hold a motion hearing where the movant failed to demonstrate the hearing's necessity). At the July 29, 2019 hearing, the district court twice asked the parties if there was "anything else that needs to be addressed" and Mother mentioned no issues. To the extent Mother argues that the district court should have held a hearing on her motion filed July 31, 2019, seeking relief from the order entered following the hearing on July 29, 2019, we note that Mother was made aware of the provisions of the order during the hearing and voiced no objections.

**{11}** Mother's argument that she "was entitled to hear the allegations against her, to examine the witnesses against her and to provide evidence on her own behalf[,]" is equally unavailing. Our courts have long held that "the opportunity to confront a witness in a civil, as opposed to criminal, proceeding is not an absolute right. Instead, the right of due process requires that parents be given a reasonable opportunity to confront and cross-examine a witness." *Hopkins v. Wollaber*, 2019-NMCA-024, ¶ 32, 458 P.3d 583 (alteration, internal quotation marks, and citation omitted). While Mother complains of her inability to cross-examine certain witnesses because they were not present at the hearing, she has failed to sufficiently develop this aspect of her argument as well. Instead, she has merely identified one witness, the priority consultant, whom she wished to cross-examine regarding the information he used to make his recommendations. Further, Mother has not directed us to, and we cannot locate, a place in the record where she alerted the district court that she wished to have the priority consultant present at the hearing for cross-examination. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). For these reasons, Mother has not "demonstrate[d] that there is a reasonable likelihood that the outcome [of the hearing] might have been different" had she been given the opportunity to cross-examine this witness, which is the requisite showing to maintain a claimed procedural due process violation on this basis. *Hopkins*, 2019-NMCA-024, ¶ 32 (internal quotation marks and citation omitted).

**{12}** Finally, Mother's attempt to invoke the Sixth Amendment to the United States Constitution to support her procedural due process claim plays no role in our analysis. The Sixth Amendment's right of confrontation, applicable to the states by the Fourteenth Amendment, and its New Mexico counterpart, provide certain procedural protections "[i]n all *criminal prosecutions*[.]" U.S. Const. amend. VI (emphasis added); N.M. Const. art. II, § 14 (same); *see State v. Lopez*, 2013-NMSC-047, ¶ 18, 314 P.3d 236 (explaining that the right to confrontation is "a right that must be honored at a criminal trial"). This is not a criminal proceeding, and as we have previously explained, our Supreme Court has held that the confrontation right that may attach in child custody proceedings is not unqualified. *See Hopkins*, 2019-NMCA-024, ¶ 32 (explaining due process requirements in civil proceedings). Thus, we are satisfied that Mother received sufficient due process.

## II. The District Court Did Not Abuse Its Discretion by Modifying the Custody Arrangement

**{13}** Mother next claims that the district court's modification of the parties' custody arrangement was not supported by a determination by the court that there had been a substantial change in circumstances affecting Children's best interests, as required by law. We disagree.

**{14}** Pursuant to NMSA 1978, Section 40-4-7(G) (1997), "[t]he court may modify and change any order or agreement merged into an order in respect to the guardianship, care, custody, maintenance or education of the children whenever circumstances render such change proper." However, "[a] court may modify a custody order only upon a showing of a substantial change in circumstances since the prior order that affects the best interests of the children." *Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d 7. Thus, the question before us is whether the district court was confronted with a substantial change in circumstances that affected Children's best interests before it modified the parties' custody arrangement by adopting the priority consultation recommendations, and whether this finding was supported by substantial evidence. We hold that it was.

**{15}** The district court's child custody determination is reviewed for an abuse of discretion. *Hough v. Brooks*, 2017-NMCA-050, ¶ 18, 399 P.3d 387; *see Clayton v. Trotter*, 1990-NMCA-078, ¶ 5, 110 N.M. 369, 796 P.2d 262 ("In matters of custody . . . we will overturn an award only when there has been a manifest abuse of discretion."). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the case." *Hough*, 2017-NMCA-050, ¶ 18 (internal quotation marks and citation omitted). "We cannot say the district court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 30, 148 N.M. 627, 241 P.3d 628 (internal quotation marks and citation omitted). In child custody cases, the paramount concern is the best interests of the children. *See Hough*, 2017-NMCA-050, ¶ 28. "[District] courts are vested with broad discretion and great flexibility in fashioning

custody arrangements and parenting plans that will serve *the best interests of the children.*" *Rhinehart v. Nowlin*, 1990-NMCA-136, ¶ 47, 111 N.M. 319 805 P.2d 88.

**{16}** This Court upholds findings made by the district court in child custody proceedings "if they are supported by substantial evidence." *Hough*, 2017-NMCA-050, ¶ 18*.* "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Vanderlugt v. Vanderlugt*, 2018-NMCA-073, ¶ 35, 429 P.3d 1269 (internal quotation marks and citation omitted).

**{17}** In this case, Mother's difficulty in carrying out the parties' prior custody arrangement was sufficient to demonstrate a substantial change in circumstances that affected Children's best interests. Specifically, the parties' prior custody arrangement imposed upon Mother the responsibility of ensuring Children's proper attendance at school because she had physical custody during the school week. The district court was presented with evidence showing that Children were tardy to school nearly forty times in one school year, and that one of the children accumulated eight unexcused absences during that time. Furthermore, the district court considered evidence of Mother's work schedule, and found that she was less available than Father to care for Children during the school week. Finally, the district court also considered evidence of Mother's repeated failures in following court orders and found that Mother's enrollment of Children in a new school without Father's consent, in violation of the parties' custody arrangement, was of significance. Taken together, this is substantial evidence that supports the district court's modification of the parties' custody arrangement.

**{18}** Mother supports her arguments on this claim primarily by pointing to evidence that bolsters her position, such as Children's academic performance. However, in determining if the district court's decision was based on substantial evidence, "we review the evidence in the light most favorable to the result below, resolving all conflict and indulging all inferences in favor of the decision." *Rhinehart*, 1990-NMCA-136, ¶ 48. Accordingly, we conclude that Mother has failed to demonstrate that the district court abused its discretion in modifying the parties' custody arrangement such that the modification cannot stand.

**CONCLUSION**

**{19}** For the foregoing reasons, we affirm the district court's modification of the parties' custody arrangement.

**{20}    IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**